# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SHARON S. SHIELDS, | : | |
| Plaintiff, | : | Case No. 3:08cv00467 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff previously obtained a remand of this matter to the Social Security Administration for further proceedings. (Doc. #s 19, 24). The case is before the Court upon Plaintiff's Application For Attorney Fees Under Equal Access To Justice Act (EAJA), 28 U.S.C. §2412(d) (Doc. #26), the Commissioner's Response (Doc. #27), Plaintiff's Reply (Doc. #30), and the record as a whole. Plaintiff seeks an award of attorney fees totaling $7,567.44 for 43.75 hours of work.

The EAJA requires the Government to pay a prevailing social security plaintiff's attorney fees "unless the court finds that the position of the United States was

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A); *see Pierce v. Underwood*, 487 U.S. 552, 556, 108 S.Ct. 2451 (1988); *see also Scarborough*, 541 U.S. 401, 407, 124 S.Ct. 1856 (2004).

> A position is substantially justified when it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541. Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and fact." *Id*. The fact that ... the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. *See id*. at 569, 108 S.Ct. 2541; *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). Indeed, "Congress did not ... want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case....' " *Scarborough*, 541 U.S. at [415], 124 S.Ct. at 1866 (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed.Cir. 2003)).

*Howard v. Barnhart* 376 F.3d 551, 554 (6th Cir. 2004). The Government bears the burden of establishing that its position was substantially justified. *Scarborough*, 541 U.S. at 414-15, 124 S.Ct. at 1865-66.

In the present case, the Commissioner contends that the Government's position was substantially justified and reasonable. The Commissioner reasons that there was ample room for genuine dispute over the ALJ's evaluation of the opinions provided by Drs. Danopulos and Weisenburger. The Commissioner points out that the ALJ rejected Dr. Danopulos' opinions as lacking objective and clinical findings and that the ALJ credited Dr. Weisenburger's opinions as supported by substantial evidence in the record.

The Commissioner further maintains that the ALJ carefully considered the entire record and gave reasonable (if not ultimately persuasive) reasons for finding that Plaintiff

could perform a range of medium work; the ALJ thoroughly articulated his credibility finding; and the ALJ relied on various medical experts when assessing Plaintiff's residual functional capacity.

The ALJ's rejection of the opinions provided by Dr. Danopulos was not reasonable because the ALJ at best conducted a limited review of this examining physician's opinions rather the considering his opinions under the legal criteria required by Social Security Regulations, specifically 20 C.F.R. §§404.1527(d)(2)-(5), (f), and Social Security Ruling 96-6p.  *See* Doc. #19 at 34-35.  The ALJ's adoption of the opinions provided by Dr. Weisenburger was not reasonable because the ALJ did so without discussing the applicable regulatory factors that led him to credit Dr. Weisenburger.  *See id*.  As a result, the ALJ's methodology in evaluating these medical sources' opinions was not based on his consideration or application of the correct legal criteria.  And the Commissioner, in turn, unreasonably overlooked this problem in his support of the ALJ's decision.

The Commissioner's contentions regarding substantial justification do not obviate the readily discernible errors of law committed by the ALJ in regard to the opinions of Drs. Danopulos and Weisenburger.  For this reason, the Commissioner's contentions do not demonstrate the existence of a reasonable basis in law or fact for the Commissioner's litigation position.  The Commissioner, therefore, has not met his burden of establishing that his support for the ALJ's decision was substantially justified or that an EAJA award to Plaintiff will be unjust.  *Howard*, 376 F.3d at 554 ("Under the circumstances of this

3

case, where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification."). Plaintiff is therefore entitled to an EAJA award.

The Commissioner further contends that the EAJA award Plaintiff seeks is excessive because her attorney's records indicate that counsel spent time on purely clerical tasks "'that are easily delegated to non-professional assistance.'" (Doc. #27 at 172)(quoting *Spegnon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)) (other citation omitted). The Commissioner, however, has not argued that Plaintiff's requested amount of attorney fees are excessive by a specific amount. The Commissioner instead explains, "Plaintiff's counsel cites numerous instances of 'receipt' of a document. These instances are folded into individual entries with legitimate attorney work, so it is not possible to determine what portion of any given entry was spent on purely clerical work." (Doc. #27 at 173). Despite this problem with counsel's entries, the Commissioner has not proposed any particular or estimated amount by which the requested attorney fee should be reduced. In addition, a review of counsel's records does not reveal the presence of a disproportionate or unreasonable amount of time devoted to performing purely clerical tasks. (Doc. #26 at 163-66). The Commissioner has therefore not shown that any reduction is warranted in this case.

Accordingly, Plaintiff's Application for Attorney Fees is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1.	Plaintiff's Application For Attorney Fees Under Equal Access To Justice Act, 28 U.S.C.§2412(d) (Doc. #26) be GRANTED in the amount of $7,567.44;

2.	The Clerk of Court be directed to enter Judgment in favor of Plaintiff and against the Commissioner of the Social Security Administration in the total amount of $7,567.44; and

3.	The case remain terminated on the docket of this Court.


March 31, 2011

                 <u>s/Sharon L. Ovington</u>
                 Sharon L. Ovington
              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).